IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

JENNY R.,

                Plaintiff,                Civil Action No.
                                            5:18-CV-1451 (DEP)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

<u>APPEARANCES</u>:                  <u>OF COUNSEL</u>:

<u>FOR PLAINTIFF</u>

OLINSKY LAW GROUP          HOWARD D. OLINSKY, ESQ.
250 South Salina Street      MARY K. McGARIGAL, ESQ.
Syracuse, NY 13202

<u>FOR DEFENDANT</u>

HON. GRANT C. JAQUITH     RONALD W. MAKAWA, ESQ.
United States Attorney       Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

<u>ORDER</u>

Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on March 10, 2020, during a telephone conference conducted on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination did not result from the application of proper legal principles and not is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Plaintiff's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is VACATED.

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

3)     The matter is hereby REMANDED to the Commissioner of Social Security for further proceedings before a newly assigned Administrative Law Judge, consistent with the court's decision.

4)     The clerk is respectfully directed to enter judgment, based upon this determination.

David E. Peebles
U.S. Magistrate Judge

Dated:     March 12, 2020
           Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------x
JENNY R. R.,

                         Plaintiff,

vs.                       5:18-CV-1451

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
--------------------------------------------x

       Transcript of a **Decision** held during a

Telephone Conference on March 10, 2020, at the James

Hanley Federal Building, 100 South Clinton Street,

Syracuse, New York, the HONORABLE DAVID E. PEEBLES,

United States Magistrate Judge, Presiding.

                A P P E A R A N C E S

                  (By Telephone)

For Plaintiff:      OLINSKY LAW GROUP
                   Attorneys at Law
                   250 S. Clinton Street, Suite 210
                   Syracuse, New York 13202
                     BY: MARY K. McGARIGAL, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                   Office of the General Counsel
                   JFK Federal Building, Room 625
                   15 New Sudbury Street
                   Boston, Massachusetts 02203
                     BY: RONALD W. MAKAWA, ESQ.

              *Jodi L. Hibbard, RPR, CSR, CRR*
           *Official United States Court Reporter*
               *100 South Clinton Street*
            *Syracuse, New York 13261-7367*
                 *(315) 234-8547*

1          (In Chambers, Counsel present by telephone.)

2          THE COURT:  Plaintiff has commenced this proceeding

3     pursuant to 42 United States Code Section 405(g) to challenge

4     the Commissioner's determination that she was not disabled at

5     the relevant times and therefore ineligible for the

6     Disability Insurance benefits sought.

7          The background is as follows:  Plaintiff was born

8     in August of 1965, she's currently 54 years old; she was 52

9     at the time of the hearing in this matter and 47 at the time

10    of the alleged onset of her disability in May of 2013.

11    Plaintiff is 5 foot 6 inches in height and weighs between 200

12    and 212 pounds.  She has been in foster care most of her

13    life.  Plaintiff has six children.  In December of 2017, they

14    ranged in age from 20 to 31, although only the 20-year-old

15    lives with the plaintiff.  Plaintiff lives with her

16    20-year-old daughter, she was 20 in December of 2017, in a

17    second floor apartment in Syracuse.  She was homeless for a

18    period of time.  She is separated from her husband.

19    Plaintiff is right-handed.  She left school during or after

20    ninth grade, although she can read and write and can do basic

21    math.  Plaintiff has never had a driver's license.  She takes

22    the bus and gets rides when necessary.  She testified at

23    page 33 she leaves the house approximately two times per

24    week.

25          Plaintiff last worked in November of 2011.  She

1   worked in the past as a cashier, and as a library page and

2   later a library clerk.

3           Physically, plaintiff suffers from a residual

4   spinal stenosis and lumbar back issue which has also resulted

5   in numbness and pain in her leg.  She was admitted to Crouse

6   Hospital on July 1 and underwent surgery on July 2, 2015 by

7   Dr. Ross Moquin although he's been referred to as Dr. Ross

8   occasionally.  The surgery was an L2-S1 posterior arthrodesis

9   with laminectomies for stenosis at L2, L3, L4, L5, and S1.

10  Plaintiff underwent MRI, or magnetic resonance imaging,

11  testing before and after the surgery, before on June 29,

12  2015, that's at 297, 298, and after on July 5, 2015, that's

13  at 296 and 297.  Plaintiff testified that she uses a back

14  brace and walker.  She can't stand straight.  She has

15  suffered from incontinence.  Plaintiff also suffers from

16  obesity, asthma, and headaches.

17          Mentally, plaintiff has been variously diagnosed as

18  having suffered from post-traumatic stress disorder,

19  attention deficit disorder, and attention deficit and

20  hyperactivity disorder and an anxiety disorder.  She was

21  institutionalized at some point while she was a teen.  She

22  underwent treatment and counseling at Liberty Resources in

23  Brownell Center for approximately two years under Dr. David

24  Kang, a psychiatrist, and Nurse Practitioner Heather

25  Henderson.  Records of treatment from November 2012 to 2016

are in evidence.  She was dismissed from that program for --
based on attendance issues.  She has been in the past
assigned Global Assessment of Functioning or GAF scores of
between 45 and 48, that's at 256 and 263 of the
administrative transcript.  Plaintiff has had some emergency
room visits since discontinuing treatment for her back.

In terms of medications, at various times she has
been on Albuterol, oxycodone, hydroxyzine, Klonopin,
Adderall, and gabapentin.

In terms of the mental conditions, they have
resulted in various symptoms including history of cutting
herself, flashbacks, anger, anxiety, and stress.

The plaintiff has various activities of daily
living, testified to at page 48, also at page 437 there is
reference to it.  She likes to drink coffee, she reads, she
listens to music, makes videos, takes care of her daughter,
dresses, bathes, cooks, prepares food, cleans, does laundry,
and shops.  Plaintiff is a smoker, she smokes approximately
half pack of cigarettes per day, that's at page 441 of the
administrative transcript.

Procedurally, plaintiff applied for Title II
benefits under the Social Security Act on May 11, 2015,
alleging a disability onset date of May 1, 2013.  She claimed
disability as a result of PTSD and ADD, that's at page 172,
I'll note that that predates, the application predates her

back surgery and back condition.  On December 20, 2017 a hearing was conducted by Administrative Law Judge Gretchen Mary Greisler.  Judge Greisler issued a decision on January 25, 2018, finding that plaintiff was not disabled at the relevant times and therefore ineligible for the benefits sought.  On October 24, 2018, that became a final determination of the agency when the Social Security Administration Appeals Council denied plaintiff's application for review.

In her decision, ALJ Greisler applied the familiar five-step test for determining disability.  Before applying that test, she noted that plaintiff was last insured on December 31, 2016.

At step one, she found plaintiff had not engaged in substantial gainful activity over the relevant period of May 1, 2013 to December 31, 2016.

At step two she concluded that plaintiff suffers from severe impairments that impose more than minimal limitations on her ability to perform work-related functions, including PTSD, ADD, ADHD, migraines, and a spine disorder.

At step three, ALJ Greisler concluded those conditions do not meet or medically equal any of the listed presumptively disabling conditions set forth in the Commissioner's regulations, specifically considering Listings 1.04, 3.03, 12.11, and 12.15.

1          Plaintiff -- plaintiff's residual functional

2     capacity was next addressed.  ALJ Greisler found that she

3     retains the RFC to perform light work with various additional

4     restrictions, both relating to her physical condition and her

5     mental conditions.  The RFC is recited at page 17 of the

6     administrative transcript and I won't read it into the

7     record.

8          At step four, the administrative law judge

9     concluded that plaintiff is unable to perform any of her past

10    relevant work as a library page, based on testimony of a

11    vocational expert.

12          Step five, the administrative law judge concluded

13    that if plaintiff were capable of performing a full range of

14    light work, the Medical-Vocational Guidelines set forth in

15    the Commissioner's regulations or the Grids, and specifically

16    Grid Rules 202.17 and 202.10, would direct a finding of no

17    disability.  Based on a hypothetical posed to a vocational

18    expert approximating the plaintiff's residual functional

19    capacity, ALJ Greisler found that plaintiff is able to

20    perform work available in the national economy including as a

21    collator operator, a marker, and a cleaner/housekeeper, and

22    therefore was not disabled at the relevant times.

23          As you know, my task is limited to determining

24    whether correct legal principles were applied and the

25    determination is supported by substantial evidence.  It is an

1    exacting standard, higher perhaps than the clear error

2    standard as the Second Circuit noted in *Brault v.*

3    *Commissioner*.  Substantial evidence of course, we know, is

4    defined as such evidence as a reasonable mind would find

5    sufficient to support a factual conclusion.

6         In her appeal, the plaintiff has raised four

7    essential arguments.  She claims that the residual functional

8    capacity finding was not supported.  It was crafted by a lay

9    administrative law judge after rejecting all of the available

10   medical opinions based upon their proximity to her surgery.

11   Second, she complains of the ALJ's failure to address

12   Dr. Noia's opinion concerning the moderate to marked ability

13   in handling stress.  At step three -- I'm sorry, the third

14   argument is the administrative law judge's alleged failure to

15   address the need for an assistive device, a walker.  And four

16   is the argument related to the unconstitutional alleged

17   appointment of ALJ Greisler.

18        I agree with the Commissioner that we have a closed

19   period and it is plaintiff's burden to establish through the

20   RFC and step four points that she was disabled between May 1,

21   2013 and December 13, 2016.

22        Let me take first the argument concerning the

23   Appointments Clause.  Plaintiff argues that Administrative

24   Law Judge Greisler, like all of the administrative law judges

25   within the agency, were not properly appointed under

1   Article II, Section 2, Clause [2] of the Constitution which

2   specifically requires that all public ministers, consuls,

3   judges, and other officers of the United States other than

4   those that are provided for in the first sentence of that

5   provision shall be appointed by law, as provided by law, but

6   Congress may by law vest the appointment of such inferior

7   officers, as they think proper, in the President alone, in

8   the courts of law, or in the heads of departments.

9               The argument specifically is that the

10  administrative law judge in this case was not appointed by

11  the court, by the President, or by the Commissioner of Social

12  Security.  On July 13, 2018 the President issued an Executive

13  Order concluding that at least some and perhaps all ALJs are

14  officers of the United States and thus subject to the

15  Constitution's Appointment Clause, that was Executive Order

16  Number 13,843, published in 83 Fed. Reg. 32755.  Three days

17  later, on July 16, 2018, the Acting Commissioner of Social

18  Security formally appointed the agency's ALJs in order to

19  comply with the Appointments Clause as illuminated by that

20  Executive Order.

21              There doesn't appear to be an argument that the

22  administrative law judge in this case and many others were

23  not properly appointed under the Appointments Clause.  The

24  argument really centers around the Supreme Court's decision

25  in *Lucia* which came down in June of 2018, I note while the

1    matter was pending before the Social Security Administration

2    Council, and that case followed an earlier decision of the

3    Supreme Court, *Freytag v. Commissioner* from 1991, involving

4    the Commissioner of Internal Revenue.

5         The question really is whether there was a duty to

6    present the argument to the agency and whether the failure to

7    do so constitutes a waiver of the argument.  Unquestionably,

8    the vast majority of cases that have addressed the issue

9    found, have found waiver and have found a duty to timely

10   present the matter to the agency.  I in fact found that to be

11   true in *Donna S. K. v. Commissioner of Social Security*, it

12   was Civil Action Number 18-CV-1070, and that was a decision

13   from August of 2019.  My reasoning was that *Lucia* really was

14   not new, it should have been anticipated from the Supreme

15   Court's decision earlier in *Freytag*.

16        Another judge of this court, Andrew T. Baxter,

17   another of my colleague magistrate judges, in *Kevin F. v.*

18   *Commissioner of Social Security* reached a similar conclusion,

19   that's found at 2020 WL 247323 from January 16, 2020.

20        As plaintiff has noted, very recently in fact, on

21   January 23, 2020, the Third Circuit dealt with consolidated

22   appeals.  One of the appeals was a case that had -- from the

23   Eastern District of Pennsylvania that had gone the other way,

24   *Bizarre v. Commissioner of Social Security*, it was

25   consolidated and the decision was rendered on January 23,

1    2020 under the name *Cirko v. Commissioner of Social Security*,

2    it's reported at 948 F.3d 148 from the Third Circuit.  And

3    *Cirko* found no duty to raise the issue before the agency and

4    found no waiver in failing to do so.

5              The decision clearly is not binding on this court,

6    but I found the rationale to be compelling notwithstanding my

7    earlier contrary decision.

8              I note that at least one court in this circuit has

9    followed *Cirko*, that is in *Suarez v. Saul* at 2020 WL 913809

10   from the District of Connecticut, February 26, 2020.  There

11   are some other cases that have come down, there is a case

12   from the Northern District of Iowa, *Griffin v. Commissioner*

13   *of Social Security*, 2020 WL 733886, from February 13, 2017

14   that followed the majority and rejected *Cirko*.  There is a

15   case from the District of Connecticut, *Streich v. Berryhill*,

16   2020 WL 563373 from February 5, 2020, that came after the

17   Third Circuit's decision in *Cirko* but makes no reference to

18   it.  It does, however -- it does, however, follow the

19   majority and not *Cirko*.  There are pending appeals apparently

20   in the Eighth Circuit and the Fourth Circuit.  I checked this

21   morning and there does not appear to be any decision from

22   those courts.

23             As I indicated, however, I do find the Third

24   Circuit's opinion in *Cirko* persuasive, and so I am going to

25   follow it in this case and conclude that the administrative

1    law judge in this case was not properly appointed, there was

2    a violation of the Appointments Clause of the Constitution

3    and therefore the result is infected and the matter should be

4    remanded to the Commissioner for further consideration.  And

5    consistent with the cases that have remanded on this basis, I

6    will direct that the matter be assigned to a different

7    administrative law judge than ALJ Greisler.

8           I do want to make a couple of additional

9    observations concerning the record in this case.  In terms of

10   the physical components of the residual functional capacity

11   finding, the administrative law judge discounts virtually

12   every opinion that addresses it.  The opinions of Nurse

13   Practitioner Margaret Fisher, the opinions of Dr. Ross

14   Moquin, plaintiff's treating physician, and the doctors,

15   Dr. Ganesh's consultative opinion as being too close to the

16   surgery.  Without that, there is no medical opinion in the

17   record that addresses the plaintiff's physical condition

18   prior to the date of last insured.  I think that that

19   presents a gap which the administrative law judge was duty

20   bound to fill, and the ALJ was not in a position to

21   substitute her lay opinion for the lacking medical opinions.

22          She addresses plaintiff's failure to obtain

23   treatment but does not consider her explanation of her

24   homelessness as required under SSR 16-3p.  It's clear

25   plaintiff underwent physical therapy.  There are also

subsequent visits to the emergency room where she references continued back pain at 502 and 503 to 507.  She relies for this -- and also the rejection of Dr. Noia's opinion concerning stress on activities of daily living without explaining exactly how those activities would translate into the ability to perform work on a sustained basis five days a week for eight hours a day.  In terms of Dr. Noia's opinion, the administrative law judge rejected his opinion that plaintiff suffers from moderate to marked limitation in ability to deal with stress, that's at page 437, rejected again based on a wide range of ADLs and Dr. Noia's benign findings without explaining how a consultative exam could gauge the ability to deal with stress.

The administrative law judge did not address the factors, the *Burgess* factors of 20 C.F.R. Section 404.1527. Records from the Brownell show plaintiff having cutting behaviors.  There is several references to plaintiff's GAF scores of anywhere from 45 to 48, that's at page 256 and 263. A GAF score of 41 to 50 translates to serious symptoms or any serious impairment in social, occupational, or school functioning, as set forth in the DSM-IV.  The -- again, there's case law to suggest that merely relying on activities of daily living to discount an acceptable medical opinion is improper, including *Stoesser v. Commissioner of Social Security*, 2011 WL 381941, decision from the Northern District

1    of New York, February 3, 2011.

2            I also have some concern about the assistive

3    device.  I understand it was not -- it's unclear whether it

4    was medically prescribed, but plaintiff, plaintiff's RFC is

5    for light work with additional limitations.  Under 20 C.F.R.

6    Section 404.1567(b), the light work, even though the weight

7    lifted may be very little, a job is in this category when it

8    requires a good deal of walking or standing.  In my view, the

9    use of an assistive device should have at least been

10   discussed and the administrative law judge should have

11   outlined why it was rejected.  The use of a walker was noted

12   by visiting providers at page 330, 338, at page 426 to 427,

13   it was noted that plaintiff needs an assistive device to keep

14   from falling.  Her hearing testimony, page 42, referenced the

15   use of an assistive device, and it would be -- yet the

16   administrative law judge did not indicate why she rejected

17   the need for using an assistive device in the hypothetical

18   posed to the vocational expert.

19           So in sum, I will grant judgment on the pleadings

20   to the plaintiff and, as indicated, vacate the Commissioner's

21   determination and direct that the matter be returned to a

22   different administrative law judge for additional

23   consideration.

24           I have to say I've enjoyed working with both of

25   you, your presentations both on paper and orally were

1    excellent, and I hope you both have a good afternoon.  Thank

2    you.

3              MS. McGARIGAL:  Thank you as well.

4              MR. MAKAWA:  Thank you, your Honor.

5                   (Proceedings adjourned, 12:00 p.m.)

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                    CERTIFICATE OF OFFICIAL REPORTER

 2

 3

 4           I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

 5   Official Realtime Court Reporter, in and for the

 6   United States District Court for the Northern

 7   District of New York, DO HEREBY CERTIFY that

 8   pursuant to Section 753, Title 28, United States

 9   Code, that the foregoing is a true and correct

10   transcript of the stenographically reported

11   proceedings held in the above-entitled matter and

12   that the transcript page format is in conformance

13   with the regulations of the Judicial Conference of

14   the United States.

15

16                       Dated this 11th day of March, 2020.

17

18

19                       /S/ JODI L. HIBBARD

20                       JODI L. HIBBARD, RPR, CRR, CSR
                         Official U.S. Court Reporter
21

22

23

24

25
```